**IN THE UNITED STATES DISTRICT COURT
DISTRICT COURT DISTRICT OF MAINE**

| | |
|---|---|
| MICHAEL LAZAREV, | |
| Plaintiff, | **Case No.: 2:25-cv-00430-SDN** |
| v. | Judge Stacey D. Neumann |
| HOLLIE KENNIFF, | Magistrate Judge Karen Frink Wolf |
| Defendant. | |

**Motions of Eugene Volokh
to Intervene to Access Court Records and
to Unseal the Motion to Seal (ECF No. 6)**

Eugene Volokh moves to intervene in this case for the limited purpose of exercising his right to access court records. He also asks this Court to unseal the Motion to Seal the Complaint and Attachments (ECF No. 6), which informed the Court's Order entered on March 25, 2026. He may also later move to unseal the Complaint, depending on what he sees in the Motion to Seal.

Plaintiff and Defendant oppose the motions.

**Memorandum in Support of Motions**

**Introduction**

On March 25, this Court granted an Order sealing the Complaint and all attachments. The Motion to Seal (ECF No. 6) requesting this relief is not publicly available, so the public cannot know why the Court sealed the Complaint and its attachments. This is inconsistent with the right to public access to court records, which is secured by the common law and the First Amendment.

1

Proposed intervenor Eugene Volokh seeks to assert his First Amendment and common-law right of access to the sealed records as both a member of the public and the press. Volokh is a Senior Fellow at the Hoover Institution at Stanford and a Distinguished Professor of Law Emeritus at UCLA, who also writes for The Volokh Conspiracy, a prominent legal blog hosted by Reason Magazine (http://reason.com/volokh). He writes extensively about defamation, access to court records, and other First Amendment matters. Volokh may want to write about both the defamation claims and the sealing of documents in this case. However, he cannot do so without understanding why the Court sealed the Complaint and its attachments.

Volokh requests permission to intervene for the limited purpose of moving to unseal the Motion to Seal (and potentially, depending on the reasoning in the Motion to Seal, of moving in the future to unseal the Complaint and its attachments). In the event this Court grants the motion to intervene (for reasons given in Part I below), he also moves to unseal the Motion to Seal (see Part II below).

## I.   A motion to intervene is the proper tool for third parties to challenge the sealing of court documents.

"When a third party essays a challenge to a sealing order, permissive intervention is the procedurally correct vehicle." *See R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1, 11 (1st Cir. 2009). "[F]ederal courts generally have permitted limited intervention by the media for the purpose of pursuing a request for access to material made part of the record during court proceedings." *United States v. Ciccolo*, 15-cr-30018-MGM, 2015 WL 9294206, at *3 (D. Mass. Dec. 21, 2015).

"[T]he court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "When the party moving to intervene does so for a limited purpose and does not seek to become a party to the litigation, the nexus-of-fact-or-law requirement is loosened, and '[s]pecificity, *e.g.*, that the intervenors' claim involve the same legal theory that was raised in the main action, is not required.'" *Does 1–6 v. Mills*, 1:21-cv-00242-JDL, 2021 WL 6197377, at *1 (D. Me. Dec. 30, 2021) (quoting *Pansy v. Borough of Strouds-burg*, 23 F.3d 772, 778 (3d Cir. 1994)). "[M]ost circuits have found that there is 'no reason to require such a strong nexus of fact or law'" if a party seeks "'to intervene in a case for the limited purpose of unsealing judicial records.'" *See id.* (quoting *Flynt v. Lombardi*, 782 F.3d 963, 967 (8th Cir. 2015)).

Therefore, as a member of the public and the press, Volokh has the right to inter-vene to assert his First Amendment and common law rights of access to sealed docu-ments.

## II.   The public has a presumptive right to access the Motion to Seal.

The public has "a qualified First Amendment right of access to certain judicial proceedings and documents." *In re Bos. Herald, Inc.*, 321 F.3d 174, 182 (1st Cir. 2003). "[T]here is also a presumption of public access to judicial records under the common law." *Id.* at 189 (citations and quotation omitted). "Only the most compelling reasons can justify non-disclosure of judicial records." *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987) (cleaned up). "Although the two rights of access are not coterminous, courts have employed much the same type of screen in evaluating their applicability to particular claims." *In re Providence Journal Co. Inc.*, 293 F.3d 1, 10

3

(1st Cir. 2002). As a member of the public and the press, Volokh is entitled to a "presumpti[ve] . . . right of access to judicial documents." *Id.* at 9 (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)).

Motions are "judicial documents" when they are "relevant to the performance of the judicial function." *Giuffre v. Maxwell*, 146 F.4th 165, 178 (2d Cir. 2025) (cleaned up). This includes motions to seal: "The sealing or unsealing of court filings is an exercise of supervisory power over the court's docket." *Id.* at 181. In *Giuffre*, the Second Circuit recognized that filings "submitted to influence the district court's rulings as to whether *other* judicial documents submitted throughout the defamation litigation should be maintained under seal"—a category that includes motions to seal and unseal and objections to such motions—thus "qualify as judicial documents." *Id.* (cleaned up) (emphasis in the original). "Accordingly, a presumption of public access attaches" to such filings. *Id.*

To be sure, "where filings urging the court to seal or unseal pertain to documents that themselves play only a 'negligible role' in a court's performance of its Article III duties, those documents are accorded only a low presumption of public access— 'little more than a prediction'—and the related filings to seal or unseal no more so." *Id.* But here the "filing[] urging the court to seal . . . pertain[s] to" the Complaint, which "is the cornerstone of every case, the very architecture of the lawsuit, . . . access to [which] is almost always necessary if the public is to understand a court's decision,'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016) (quoting *FTC v. AbbVie Prods. LLC*, 713 F.3d 54, 62 (11th Cir. 2013)). Because

4

sealing complaints is so uncommon, Volokh has a particular interest in understanding why this rare measure was taken in the case.

And Volokh's and the public's need to be able to access the Motion to Seal is especially strong because this Court's order granting the Motion simply said that it granted the Motion "for the reasons set forth in the Motion." ECF No. 7. The only way to understand why this Court ruled as it did is by viewing the Motion.

The presumption of public access is also likely not rebutted here (though Volokh is handicapped in his ability to determine this precisely because he cannot yet see the arguments for sealing). "Courts have an obligation to consider all reasonable alternatives to foreclosing the constitutional right of access." *In re Providence Journal Co.*, 293 F.3d at 15 (citing *In re Globe Newspaper Co.*, 729 F.2d 47, 56 (1st Cir. 1984)). "Redaction constitutes a time-tested means of minimizing any intrusion on that right." *Id.*

"[W]here the public's right of access competes with privacy rights, it is proper for a district court, after weighing competing interests, to edit and redact a judicial document in order to allow access to appropriate portions of the document." *United States v. Kravetz*, 706 F.3d 47, 62 (1st Cir. 2013) (cleaned up). Here, even if there is a compelling interest in maintaining the secrecy of some material in the Motion to Seal, the Court may redact that material instead of completely sealing the document.

## Conclusion

Volokh has a First Amendment and common law right to access the Motion to Seal in this case. He therefore asks to intervene to exercise this right, and asks this Court to unseal the Motion to Seal, if necessary with narrow redactions.

Respectfully submitted,

s/ Eugene Volokh
Eugene Volokh, *pro se*
Senior Fellow, Hoover Institution
Stanford University
434 Galvez Mall
Stanford, CA 94305
volokh@stanford.edu
(650) 725-9845
*Affiliation for addressing and
identification purposes only*

April 8, 2026

### Certificate of Service

I certify that I served this motion on April 8, 2026 on counsel for plaintiff and defendant at the e-mail addresses listed on the CM/ECF docket (smurphy@pierceatwood.com and mlibby@monaghanleahy.com), as well as on plaintiff's cocounsel at AStebbins@bdblaw.com.

s/ Eugene Volokh

6