UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

MICHAEL LAZAREV

       Plaintiff,

vs.

HOLLIE KENNIFF

       Defendant

Case No. 2:25-cv-00430-SDN.

### DEFENDANT'S RESPONSE TO EUGENE VOLOKH'S MOTION TO INTERVENE AND UNSEAL THE MOTION TO SEAL

Defendant Hollie Kenniff ("Defendant"), by and through her undersigned counsel, hereby responds to Eugene Volokh's Motion to Intervene and Unseal the Motion to Seal as follows:

### I.  Introduction

Proposed Intervenor seeks to intervene in a dormant federal action for the limited purpose of challenging a sealing order issued by this Court after the case had been dismissed. Defendant takes no position on Proposed Intervenor's limited intervention solely to seek access to the Motion to Seal, and further, takes no position on unsealing that discrete filing.

Defendant expressly opposes any broader intervention or any request to unseal the Complaint, its attachments, or other sealed materials. This action was never litigated in this Court, no substantive rulings were issued, and the underlying dispute is now proceeding in State of Maine Superior Court under seal, where the very same pleadings are being litigated.

### II.  Procedural Posture

This action did not progress beyond the filing stage. The Complaint was never served and no motions addressing the merits were filed or decided. Plaintiff voluntarily dismissed the Complaint on September 17, 2025. (ECF No. 5). There was no activity on the Docket until

Defendant filed her Motion to Seal Complaint and all attachments on or about March 24, 2026. The next day, March 25, 2026, the Court granted Defendant's Motion to Seal for the reasons set forth in said Motion. (ECF No. 7).

The same Complaint and attachments were filed by the Plaintiff against Defendant in Cumberland County Superior Court, docketed PRSSC-CV-25-314 on or about September 18, 2025, one day after Plaintiff dismissed the Complaint filed in this Court. By agreement of the parties, the Superior Court entered an Order sealing the pleadings on February 25, 2026. Those pleadings remain sealed in Superior Court.

.**Limited Intervention**

Defendant takes no position on permissive intervention limited solely to permitting Proposed Intervenor to seek access to the Motion to Seal. Any intervention should be expressly confined to that purpose and should not be construed to authorize participation in any other aspect of this action or to reopen sealed filings beyond the Motion to Seal.

III. **Motion to Unseal the Motion to Seal**

As a professional courtesy, undersigned counsel has already provided Proposed Intervenor with a copy of the Motion to Seal filed in this Court. Defendant nonetheless takes no position on unsealing that filing.

Defendant's non-opposition reflects that unsealing the Motion to Seal adequately serves any public interest in understanding the basis for the Court's prior order, without disclosing the sensitive material that prompted sealing of the Complaint and attachments.

IV. **Reservation of Objection as to the Complaint and Attachments**

Defendant expressly opposes any request to unseal the Complaint or its attachments and reserves all rights to oppose any present or future motion seeking such relief.

The Complaint was never served, never answered, and never adjudicated in this Court. The federal action did not proceed beyond filing, and no judicial determination on the merits was made. The underlying dispute is now actively proceeding in state court under seal, where the operative pleadings govern the parties' rights and where the court has already exercised its authority to restrict public access.

Any request to unseal operative pleadings is therefore properly directed, if at all, to that forum. Permitting broader unsealing in this dormant federal action would serve no practical adjudicative purpose and risks undermining the state court's management of the ongoing sealed proceedings.

## V. <u>Conclusion</u>

For the foregoing reasons, Defendant takes no position on Proposed Intervenor's limited intervention solely to permit access to the Motion to Seal and takes no position on unsealing that discrete filing. Defendant otherwise opposes any broader intervention or any request to unseal the Complaint, its attachments, or any other sealed materials.

Undersigned counsel has conferred with counsel for the Plaintiff and is authorized to represent that the Plaintiff joins in Defendant's position as set forth herein.

Attorney for Defendant
MONAGHAN LEAHY, LLP
2 Monument Square, P.O. Box 7046
Portland, ME 04112-7046
(207) 774-3906
mlibby@monaghanleahy.com

Dated: April 29, 2026                    By:    */s/ Matthew K. Libby*
Matthew K. Libby, Bar No. 5050

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2026, I electronically filed Defendant's Response to Eugene Volokh's Motion to Intervene and Unseal the Motion to Seal using the CM/ECF system, which will provide notice to all counsel of record. Further, a copy of this motion has been emailed to counsel of record Sara Murphy, Esq. at smurphy@PierceAtwood.com  and to Proposed Intervenor Eugene Volokh at volokh@stanford.edu.

> Attorney for Defendant
> MONAGHAN LEAHY, LLP
> 2 Monument Square, P.O. Box 7046
> Portland, ME 04112-7046
> (207) 774-3906
> mlibby@monaghanleahy.com

By:    /s/ Matthew K. Libby
> Matthew K. Libby, Bar No. 5050