UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL LAZAREV, <br><br> Plaintiff, <br><br> v. <br><br> HOLLIE KENNIFF, <br><br> Defendant | Case No. 2:25-cv-00430-SDN |

### PLAINTIFF MICHAEL LAZAREV AND DEFENDANT HOLLIE KENNIFF'S JOINT OPPOSITION TO EUGENE VOLOKH'S MOTION TO UNSEAL THE COMPLAINT

Plaintiff Michael Lazarev and Defendant Hollie Kenniff (together, "the Parties"), through undersigned counsel, jointly oppose Eugene Volokh's Motion to Unseal the Complaint. For the reasons set forth below, the motion should be denied, and the Complaint and its attachments should remain sealed.

### I.      INTRODUCTION

Eugene Volokh ("Intervenor") seeks to intervene in a dormant federal action for the limited purpose of challenging a sealing order issued by this Court after the case had been voluntarily dismissed at the filing stage and never litigated in this Court. The Complaint was never served, no responsive pleading was filed, no dispositive motion was presented, and this Court made no substantive ruling based on the Complaint. The Complaint and its attachments were refiled in Maine Superior Court, where the same pleadings have been sealed by the Superior Court.  The parties are working diligently in the matter to settle the lawsuit without discovery or protracted litigation.

Plaintiff and Defendant expressly oppose any intervention or any request to unseal any other sealed materials. The Court should deny the motion because: (1) Intervenor has not identified a First Amendment right of access that requires unsealing this civil complaint; (2) any common-law presumption of access is inapplicable to the facts of this case because Ms. Kenniff was never served with the summons and complaint, never made an appearance, and this Court did not address any substantive rights impacting the parties or the public prior to voluntary dismissal by Plaintiff, (3) even if some presumption applies, the Parties' privacy interests outweigh any public benefit; and (4) wholesale sealing remains necessary because sensitive material pervades the Complaint and its attachments.

## II.    PROCEDURAL POSTURE

Plaintiff voluntarily dismissed the Complaint on September 17, 2025. (ECF No. 5). There was no activity on the docket until Defendant filed her Motion to Seal Complaint and all attachments on March 24, 2026. The next day, March 25, 2026, the Court granted Defendant's Motion to Seal for the reasons set forth in said Motion. (ECF No. 7). On April 8, 2026, Mr. Volokh filed his Motion to Intervene and Unseal Motion to Seal (ECF No. 8). Ms. Kenniff filed her Response to said motion (ECF No. 9) stating that she did not object to the intervention for the limited purpose of unsealing the Motion to Seal (ECF No. 6) or the request to unseal the filing.[1] This Court granted the Motion via Order dated May 14, 2026 (ECF No. 10), permitting the intervention for the limited purposes of moving to unseal ECF No. 6 and "potentially moving to unseal the complaint," noting Ms. Kenniff's objection to the latter.  On or about June 4, 2026, Mr. Volokh filed a Motion to Unseal the Complaint.

---

[1] Although counsel for Plaintiff Lazarev did not sign the Response filed by Ms. Kenniff, undersigned counsel represented that he agreed with the position set forth by Ms. Kenniff.

The same Complaint and attachments were filed by Plaintiff against Defendant in Cumberland County Superior Court, docketed PORSC-CV-25-314 on September 18, 2025, one day after Plaintiff dismissed the Complaint in this Court. By agreement of the Parties, the Superior Court entered an Order sealing the pleadings on February 25, 2026. Those pleadings remain sealed in Superior Court.

### III.   ARGUMENT

#### A.  There is no First Amendment public right to access materials in civil cases.

In *Doe v. Regional School Unit 21*, this Court stated that neither the First Circuit Court of Appeals nor the Supreme Court of the United States "has recognized any right under the First Amendment to access documents filed in civil cases." *Doe v. Reg'l Sch. Unit 21*, No. 2:23-cv-00466-JAW, 2025 U.S. Dist. LEXIS 47707, at *10 (D. Me. March 17, 2025) (quoting *Bangor Publ'g Co. v. Quinlan*, 32 F.4th 15, 20 (1st Cir. 2022)). This Court commented that First Circuit precedent had only observed a constitutional right of access to criminal proceedings. *Id.* at * 9 (emphasis in the original) (quoting *United States v. Kravetz*, 706 F.3d 47, 52 (1st Cir. 2013)).

Accordingly, there is no recognized First Amendment-based public right of access to materials in civil cases. Because no such constitutional right applies here, Intervenor's reliance on the First Amendment does not provide a valid basis to unseal the withdrawn, unserved civil complaint at issue. Intervenor therefore cannot demonstrate that the First Amendment requires public access under these circumstances.

Intervenor's position that the *Courthouse News Service* cases[2] create a presumptive First Amendment right to public access to newly filed complaints does not comport with either First

---

[2] Intervenor cites five *Courthouse News Service* cases. *Courthouse News Serv. v. Corsones*, 131 F.4th 59 (2d Cir. 2025); *Courthouse News Serv. v. N.M. Admin. Off. of Cts.*, 53 F.4th 1245 (10th Cir. 2022); *Courthouse News Serv. v. Planet*, 947 F.4th 581 (9th Cir. 2020); *Courthouse News Serv. v. Schaefer*, 2 F.4th 318 (4th Cir. 2021); *Bangor Publ'g Co. v. Quinlan*, 32 F.4th 15 (1st Cir. 2022).

Circuit jurisprudence broadly or the specific facts of this matter. First and foremost, all but one of the cited *Courthouse News Service* cases were litigated in circuits other than the First Circuit[3] and, as such, are not binding law in this Court. Intervenor relies on the First Circuit's decision in *Bangor Publishing Company v. Quinlan to* support a First Amendment right to access civil pleadings. But the First Circuit made no such finding or holding. As such, there is no recognized First Amendment right to access materials filed in civil cases in the First Circuit.

Even more, the specific facts of this matter make clear that, even if there were some qualified First Amendment right to be newly recognized here, it would not extend to this matter. First, the Complaint remained unsealed – and thus available to the public – for seven months. As such, the Complaint had been available to the public for a long period of time following the filing of the Complaint. This is easily distinguishable from the *Courthouse News Service* cases where the issue was a lengthy delay in public access to complaints after filing the complaint, not subsequent sealing of previously available complaints. This matter is even further distinguished from *Courthouse News Service* cases: in all of those cases, the defendants, at minimum, all had notice of and were served with the complaint. Whereas here, by contrast, Ms. Kenniff was never given notice or served with the Complaint and never filed a responsive pleading.

Unless there an agreement by the parties that this case implicates a First Amendment right of access to civil pleadings, this Court "follows the prudential practice of the First Circuit of 'forgoing broad constitutional holdings unless such holdings are unavoidable.'" *Doe v. Reg'l Sch. Unit 21*, No. 2:23-cv-00466-JAW, 2025 U.S. Dist. LEXIS 47707, at \*10 (D. Me. March 17, 2025) (quoting *Sindi v. El-Moslimany*, 896 F.3d 1, 30 (1st Cir. 2018)). Such a holding is not unavoidable

---

[3]Intervenor cites this case as *Courthouse News Serv. v. Quinlan*, 32 F.4th 15, 21 (1st Cir. 2022). However, Ms. Kenniff cites the case as *Bangor Publ'g Co. v. Quinlan*, 32 F.4th 15, 20 (1st Cir. 2022). For clarification, Courthouse News Service was a Plaintiff and Appellant along with Bangor Publishing Company in that lawsuit.

here, and, as such, the Court should resolve the public access issue using common law standards. *Id*. at *11.

**B. There is no common law access right to this Complaint because (1) it is not a judicial record, and (2) even if the Complaint is found to be a judicial record, the Parties' privacy interests far outweigh the right of public access.**

A presumption that a document is public, and thus included in the common law public right of access, applies only "once it is determined that the document is a so-called 'judicial record.'" *Doe v. Reg'l Sch. Unit 21*, U.S. Dist. LEXIS 47707, at *11 (quoting *Kravetz*, 706 F.3d at 54). The "mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *United States v. Amodeo* (*Amodeo I*), 44 F.3d 141, 145 (2d Cir. 1995). Judicial records are "those 'materials on which a court relies in determining the litigants' substantive rights.'" *Kravetz*, 706 F.3d at 54 (quoting *In re Providence J. Co.*, 293 F.3d 1, 9–10 (1st Cir. 2002)). Further, judicial records are those that are "'submitted by parties to aid in the adjudication of' an issue before the court and that is 'meant to impact the court's disposition of substantive rights.'" *Doe v. Reg'l Sch. Unit 21*, U.S. Dist. LEXIS 47707, at *11 (citations omitted). Although the Parties agree that complaints generally are judicial records as understood in common law public right of access jurisprudence, the Complaint in this matter fails to qualify as a judicial record. Here, the Complaint was never served, voluntarily dismissed, and no motions addressing the merits of the underlying claim were ever filed. Simply, the Court never relied on the Complaint in determining the litigants' substantive rights because Ms. Kenniff never even appeared in the matter. As such, the Complaint does not qualify as a judicial record and, therefore, any common law right of access does not apply to it.

Even if the Court were to find that the Complaint constitutes a judicial record, the privacy rights of the Parties strongly outweigh any common law access right, and, as such, prevent

5

unsealing the Complaint. This Court, relying on the First Circuit's decision in *Kravetz*, acknowledged that while the public's right of access is vibrant, "it is not unfettered," and countervailing interests can overwhelm the presumptions and defeat access. *Doe v. Reg'l Sch. Unit 21*, U.S. Dist. LEXIS 47707, at \*12 (citations omitted). "Privacy rights of participants and third parties are among those interests which, in appropriate cases, can limit the presumptive right of access to judicial records." *Id.* (citations omitted). The District Courts are directed to "'consider the degree to which the subject matter is traditionally considered private rather than public'" when evaluating the public right to access judicial records. *Id.* at \*12-13 (citations omitted). More specifically, "family affairs, illnesses, embarrassing conduct …, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public." *Id.* at \*13. (quoting *United States v. Amodeo* (*Amodeo II*), 71 F.3d 1044, 1051 (2d Cir. 1995)). Similarly, "domestic relations matters involv[ing] highly personal information" weigh heavily against public access. *See id.*

These descriptors, categorizing conduct which weighs against public access, equally describe the conduct alleged in the Complaint. The Complaint itself, and the attachments totaling over one hundred pages, contain extensive allegations regarding personal relationships, private communications, alleged obsessive conduct, mental-health-related assertions, and other sensitive matters. The Complaint is filled with allegations of this sort of highly personal information that weighs heavily against public access.

Further, the Complaint is limited entirely to this dispute between the Parties and does not have any impact on the public at large. Public access to those materials serves little to no public value. This matter is readily distinguished from *Bernstein v. Bernstein Litowitz Berger & Grossmann, LLP* ("*Bernstein*"), because this case does not have any public interest mirroring the

public interest present in *Bernstein* which weighs in favor of public access. The complaint in *Bernstein* includes allegations of defendants' regular participation in a "kickback scheme with the Mississippi Attorney General's Office." *Bernstein v. Bernstein Litowitz Berger & Grossmann, LLP*, 814 F.3d 132, 143 (2d Cir. 2016). Whereas, here, there are no such allegations of collusions with government officials; this is simply a private matter between two private individuals. As such, the Parties' strong privacy interests far outweigh any public access right and, as such, require that the Complaint remain sealed. This is especially true where, as here, the Complaint was dismissed at the outset and was never relied upon in adjudicating the merits. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006) (describing the public right of access as existing on a continuum where the right declines as a document is farther from being used by the court to determine a party's substantive rights). Because the Court did not use the Complaint to determine the Parties' rights in this matter, the public access rights are significantly diminished.

In sum, the dispute between the Parties is not a matter of public interest or "newsworthy." Given the very high privacy interests of the Parties and the minimal public access right, the Parties respectfully request that the Court keep the Complaint sealed.[4]

**C. A seal appropriately protects the Parties' privacy interests where, as here, the sensitive material is pervasive throughout the entirety of the Complaint.**

The continued sealing of the entire Complaint, including all of the attachments, remains necessary for the adequate protection of the privacy of the Parties. Redaction would be both impractical and insufficient because the sensitive material is pervasive throughout the entirety of

---

[4] Further, the Parties suggest that keeping the Complaint sealed is aligned with public policy and judicial practice where "Courts have long declined to allow public access simply to cater 'to a morbid craving for what which is sensational and impure.'" *Amodeo II*, 71 F.3d at 1051 (quoting *In re Caswell*, 18 R.I. 835, 836, 29 A. 259, 259 (1893)). That the Intervenor is aware of the Complaint being public for seven months (after it had already been dismissed) and is still insisting on unsealing the Complaint for public knowledge indicates that his interest in unsealing the Complaint is likely more one of personal interest rather than to benefit the public.

the lengthy Complaint and exhibits. As aforementioned, the Complaint contains extensive personal communications and private sensitive material. Even thorough redaction would create a substantial risk of unnecessary invasion of privacy and further dissemination of private information.

As such, the Parties respectfully request that the Complaint, in its entirety, remain sealed.

### D. The Complaint's prior public availability does not require continued public access.

Intervenor argues that sealing is improper because the Complaint remained publicly available for several months before Defendant moved to seal it. That argument overstates the effect of prior availability and does not account for the posture of this case, the nature of the sealed materials, or the continuing harm that public access would cause.

The fact that sensitive information was once publicly accessible does not automatically require a court to perpetuate public access indefinitely. Courts retain authority to restrict access where continued public availability would serve little judicial or public purpose and would cause continued privacy harm.

Intervenor's reliance on *Gambale v. Deutsche Bank AG,* 377 F.3d 133 (2d Cir. 2004), is misplaced. *Gambale* involved a settlement amount that the district court itself disclosed in an order; the Second Circuit observed that, once that specific fact had been publicly revealed by the court, an appellate court could not make the disclosed information unknown. That practical observation does not create a categorical rule that a court must continue hosting, indexing, and disseminating an entire withdrawn pleading and more than one hundred pages of sensitive attachments merely because the materials were previously accessible.

This case is materially different. The Parties do not ask the Court to erase anyone's memory or punish discussion of information already obtained. They ask only that the Court maintain the seal on its own docket going forward, thereby preventing continued court-facilitated dissemination

8

of highly personal material that played no role in any adjudication on the merits. Continued sealing cannot undo every prior access, but it can reduce further unnecessary harm. The law does not require the Court to leave private material publicly available simply because sealing was not sought earlier.

Nor does the timing of Defendant's motion eliminate the Parties' privacy interests. The Complaint concerns intimate personal allegations, private communications, and sensitive mental-health-related assertions. Those interests did not expire after seven months. The relevant question is whether continued public access is justified in light of the nonexistent adjudicative value of the filing and the ongoing privacy harm caused by public availability. On that balance, continued sealing remains appropriate.

### E. The Existing Sealing Orders and the Pending State Court Proceeding Further Support Denial.

This Court has already determined that sealing the Complaint and attachments was appropriate. *See* ECF No. 7. No material change in circumstances justifies disturbing that order. The nature of the Complaint has not changed. Privacy concerns remain substantial. The federal action remains dismissed. And the Complaint still has not been used by this Court to adjudicate any substantive issue.

The posture of the state-court proceeding also weighs against unsealing. The same pleadings are now before the Maine Superior Court in an active case, and that court has entered its own sealing order. Any request for public access to operative pleadings in the ongoing litigation is more appropriately directed to the court managing that active case. Unsealing the withdrawn federal filing would serve no practical adjudicative purpose in this Court and could undermine the privacy protections currently in place in the ongoing proceeding being overseen by the Maine Superior Court.

9

## IV.   CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court deny Eugene Volokh's Motion to Unseal the Complaint, its attachments, or any other sealed materials.

Signed and dated this 2nd day of July, 2026

*/s/ Matthew K. Libby*_____
Matthew K. Libby, Bar No. 5050
MONAGHAN LEAHY, LLP
2 Monument Square, Suite 401
P.O. Box 7046
Portland, ME 04112-7046
(207) 774-3906
mlibby@mleahy.com
Attorney for Defendant Hollie Kenniff

*/s/ Sara A. Murphy Sara A. Murphy*____
Pierce Atwood LLP
Merrill's Wharf
254 Commercial Street
Portland, Maine 04101
207-791-1100
smurphy@pierceatwood.com
Attorney for Plaintiff Michael Lazarev

10

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2026, I electronically filed **Plaintiff Michael Lazarev and Defendant Hollie Kenniff's Joint Opposition to Eugene Volokh's Motion to Unseal the Complaint** using the CM/ECF system, which will provide notice to all counsel of record. Further, a copy of this motion has been emailed to counsel of record Sara Murphy, Esq. at smurphy@PierceAtwood.com and to Proposed Intervenor Eugene Volokh at volokh@stanford.edu.

Attorney for Defendant Kenniff
MONAGHAN LEAHY, LLP
2 Monument Square, P.O. Box 7046
Portland, ME 04112-7046
(207) 774-3906
mlibby@monaghanleahy.com

By:     */s/ Matthew K. Libby*
Matthew K. Libby, Bar No. 5050